Exhibit B

# Berkeley County
# 9th Judicial Circuit
# Public Index



Berkeley County Home Page South Carolina Judicial Department Home Page SC.GOV Home Page

Switch View

## Micah J Fogle , plaintiff, et al VS Beazer Homes, Llc , defendant, et al

| | | | | | |
|---|---|---|---|---|---|
| **Case Number:** | 2025CP0800119 | **Court Agency:** | Common Pleas | **Filed Date:** | 01/14/2025 |
| **Case Type:** | Common Pleas | **Case Sub Type:** | Constructions 100 | **File Type:** | Mediator - Jury |
| **Status:** | Pending/ADR | **Assigned Judge:** | Clerk Of Court C P, G S, And Family Court | | |
| **Disposition:** | | **Disposition Date:** | | **Disposition Judge:** | |
| **Original Source Doc:** | | **Original Case #:** | | | |
| **Judgment Number:** | | **Court Roster:** | | | |

**Case Parties** Judgments Tax Map Information Associated Cases **Actions** **Financials**

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Fogle, Micah J | ADR/Alternative Dispute Resolution (Workflow) | Action | | 08/12/2025-10:45 | | |
| Fogle, Micah J | NEF(01-16-2025 09:14:02 AM) Service/Affidavit Of Service | Filing | | 01/16/2025-09:26 | | |
| Fogle, Micah J | Service/Affidavit Of Service on Beazer Homes, Llc | Filing | | 01/16/2025-09:14 | | |
| Fogle, Micah J | Summons & Complaint | Filing | | 01/14/2025-10:45 | | |

CMSWeb 7.2 © 2024 South Carolina Judicial Branch • All rights reserved

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0800119

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BERKELEY | 2025-CP-08-_____ |
| MICAH J. FOGLE AND TIFFANY N. FOGLE, Individually and on behalf of all other similarly situated Plaintiffs,<br><br>Plaintiffs,<br><br>v.<br><br>BEAZER HOMES, LLC A/K/A BEAZER HOMES CORP.,<br><br>Defendants. | SUMMONS<br>(Class Action)<br>(Jury Trial Demanded) |

**TO: THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and are required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscriber, at 234 Seven Farms Dr, Suite 111-A, Daniel Island, SC 29492, within thirty (30) days after service thereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

BLUNDY LAW FIRM, LLC

s:/ Amanda M. Blundy
Amanda M. Blundy (SC Bar No. 73069)
English H. Maull (SC Bar No. 104321)
234 Seven Farms Drive, Suite 111-A
Charleston, SC 29492
843.867.6050
ablundy@blundylawfirm.com
emaull@blundylawfirm.com

Charleston, South Carolina
January 14, 2025

Attorneys for Plaintiffs

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP080019

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BERKELEY | ) | 2025-CP-08-_____ |
| MICAH J. FOGLE AND TIFFANY N. FOGLE, Individually and on behalf of all other similarly situated Plaintiffs, | ) | SUMMONS<br>(Class Action)<br>(Jury Trial Demanded) |
| Plaintiffs, | ) | |
| v. | ) | |
| BEAZER HOMES, LLC A/K/A BEAZER HOMES CORP., | ) | |
| Defendants. | ) | |

NOW COMES the Plaintiffs, Micah J. Fogle and Tiffany N Fogle, through their undersigned counsel on their own behalf, and on behalf of all others similarly situated, complaining of the Defendants above-named, who allege and show unto this Honorable Court as follows:

**PARTIES AND JURISDICTION**

1. The Oaks at Cane Bay subdivision ("The Oaks") is a residential neighborhood of approximately 270 single-family homes in Berkley County, South Carolina developed by Beazer Homes, LLC a/k/a Beazer Homes Corp. ("Beazer").

2. That the Plaintiffs, Micah J. Fogle and Tiffany N. Fogle ("Fogle Plaintiffs"), are citizens and residents of the County of Berkely, State of South Carolina, and at all times hereinafter mentioned, own the residence located at 199 Basket Grass Lane, Summerville, South Carolina.

3. Plaintiffs Fogle bring this action on behalf of themselves and a proposed Class of other similarly situated The Oaks homeowners (collectively "Plaintiffs" or "Fogle Plaintiffs and the Class").

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP080019

4. That, upon information and belief, Defendant, Beazer Homes, LLC a/k/a Beazer Homes Corp., is a limited liability company organized in the State of South Carolina, conducting business in Berkeley County, State of South Carolina, and at all times relevant hereto was engaged in the design, development, construction and/or repair of residential housing and specifically, constructed and/or repaired, in and to the Fogle Plaintiffs' residence located at 199 Basket Grass Lane, Summerville, South Carolina.

5. That, upon information and belief, Beazer operated as the developer, general contractor, and seller of the Fogle Plaintiffs' and Class' homes and properties in The Oaks ("the Residences") and upon information and belief installed the roofs and/or hired and supervised subcontractors to install the roofs.

6. That as an essential and integral part of the development, Beazer constructed and marketed approximately 270 single family residences with shingle roofs but the true number of the residences built is unknown at this time and shall be ascertained through Defendants' books and records.

7. That this Court has jurisdiction over the parties and subject matter hereto and that the allegations out of which this action arises all involved the building, construction and/or repair of the development known as The Oaks at Cane Bay in Summerville, South Carolina.

8. Venue is proper in Berkley County as the most substantial part of Fogle Plaintiffs and the Class' alleged injuries and Defendant's alleged acts or omissions took place in Berkeley County.

9. Fogle Plaintiffs are informed and believe that well over two-thirds of the Class are citizens of Berkeley County, South Carolina.

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0800119

## FACTUAL BACKGROUND

10. This matter arises out of the design, development, construction, sale and/or repair of the Residences.

11. At the time their Certificates of Occupancy were issued, the Residences contained latent and undisclosed defects. The latent and undisclosed defects, in combination with the weather, repeated water intrusion and/or other events, have resulted in consequential damage to non-defective portions of the Residence and other property.

12. That the Defendant installed the shingle roofs and further had the duty to install the roofs in compliance with building codes, manufacturer's instructions, and industry standards prior to the sale of the Residences.

13. That after noticing problems with the roofs, a forensic investigation was conducted as well as destructive testing and inspections on many of the class members' Residences.

14. That Plaintiffs have learned and allege that Defendant's improper installation of the shingle roofs involves the use of shingles unsuitable for the location and incorrect installation of fasteners, resulting in water infiltration and damage such that replacement of the roof will be necessary.

## CLASS ACTION ALLEGATIONS.

15. This action is filed pursuant to Rule 23, South Carolina Rules of Civil Procedure (hereinafter "SCRCP"), on behalf of the named Fogle Plaintiffs, and those similarly situated as members of a class defined as follows:

> All present owners of houses located in The Oaks at Cane Bay of Summerville, South Carolina, which properties have had roofs installed by the Defendants in Berkeley County, South Carolina, who will incur damages in excess of $100.00 for loss of use of the premises and the cost of repair of the houses, depreciation, and for sums paid in the past for repairs to the roofs on the houses. This class is limited to matters dealing with the roofs of the houses.

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP080019

16. This action arises from the defective work regarding the shingle roofs of single-family residences owned by Fogle Plaintiffs and the Class which residences were generally marked by Beazer who also acted as the General Contractor. This action involves the installation of shingle roofs on residential dwellings which defective construction has proximately caused damaged incurred by the representatives and individual class members. This action is properly brought as a class action under Rule 23 of the SCRCP for the following reasons:

17. *Numerosity*, Rule 23(a)(1) SCRCP. The representative Plaintiffs, and a group of which they are a member, consisting of approximately two hundred and seventy (270) properties, owned by people geographically dispersed throughout the State of South Carolina, the joinder of whom in one action is impractical. When spouses and co-owners are considered, the Class is expected to be in excess of four hundred (400) members, but the precise number is unknown at this time and could be compromised of hundreds of members. The true number of Class Members is likely to be known by Defendants and may be ascertained through its books and records. All of the Residences are located in Berkeley County, South Carolina, and all acts of the Defendant causing damage took place in Berkeley County, South Carolina.

18. *Commonality*, Rule 23(a)(2) SCRCP. The class members have suffered or will suffer a common injury in that all have been damaged or will be damaged in a similar fashion by the action of the Defendant. There are questions of law or fact common to the class which predominate over any questions affecting individual members, which include but are not limited to:

a. Whether the Defendant failed to adequately construct, supervise, and inspect the roofs on the residences, so as to not employ good construction practices;

b. Whether Defendant negligently designed, constructed and/or repaired the Residences;

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP080119

c. Whether Defendant breached their implied warranties in connection with the Residences;

d. Whether Defendant knew or should have known of the latent defects;

e. Whether the Defendant failed to adequately install the roofs;

f. Whether Fogle Plaintiffs and the Class are entitled to recover the estimated cost to repair and (i) compensation for all out-of-pocket monies expended for repair of their homes, as well as repair/replacement of other property damage; (ii) temporary repairs; and (iii) compensation for loss of use; and

g. Whether Defendant's conduct was reckless, willful, wanton, or the like, entitling Plaintiffs Fogle and the Class to punitive damages.

19. *Typicality*, Rule 23 (a)(3) SCRCP. The claims asserted by Fogle Plaintiffs are typical of the claims that the members of the class in that the claims are essentially identical for the entire class and arise from Defendant's wrongful conduct in developing, building, repairing, and/or selling the Residences and Fogle Plaintiffs' and Class' ownership of these Residences that contain latent defects.

20. *Adequacy*, Rule 23 (a)(4) SCRCP. Adequacy of representation is satisfied in that the named representatives have no interest that are antagonistic to the absent class members, and counsel representing the class is qualified, experiences, and capable of litigating the case competently.

21. *Predominance and Superiority.* This case is well-suited for class action for certification because questions of law and fact common to the Class predominate over questions affecting only individual members. A class action offers a fair, efficient, and superior approach to resolving this dispute as compared other available methods. Individual litigation by each Class member would not only be impractical but would also burden the judicial system with a large volume of lawsuits, creating the risk of inconsistent rulings and contradictory judgments.

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0800119

Proceeding on a case-by-case basis would result in duplicated efforts, increased delays, and greater costs for all involved, including the court. By contrast, managing this matter as a class action minimizes administrative difficulties, facilitates a unified resolution, and provides economies of scale, allowing a single court to effectively supervise and address the claims in a coordinated manner.

22. Defendant has acted on grounds generally applicable to the Class. Class certification is appropriate under South Carolina law because Defendant engaged in a uniform and common practice. All Class members have the same legal right to and interest in redress for damages associated with the defective conditions existing within their Residences.

23. Fogle Plaintiffs and the Class envision no unusual difficulty in the management of this action as a class action.

24. Each Class member has an interest of more than $100.00.

25. The amount of money at stake for each Class member is not sufficient for each member to hire their own counsel and engineers and bring their own action.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence, Gross Negligence, Carelessness, Recklessness, Willfulness and Wantonness)**
**(AS TO BEAZER)**

26. Plaintiffs re-allege the allegations of the foregoing paragraphs as if fully restated herein.

27. That at all times material hereto, the Defendant, Beazer, by and through their agents, servants, and/or employees undertook and were under a duty to build, construct and/or repair the subject residences and to provide materials and services in accordance with applicable building codes, manufacturers' recommendations, and in conformance with accepted construction and industry standards.

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP080019

28. That Defendant Beazer was negligent, grossly negligent, careless, reckless, willful and wanton in constructing, repairing, supervising, and inspecting the work on the subject Residences which were not built in accordance with the applicable building codes and not in conformance with accepted construction and industry standards, and in failing to construct and/ or repair said Residences in accordance with applicable building codes, manufacturers' recommendations and in conformance with accepted construction and industry standards, all of which have directly and proximately caused damage to the Plaintiffs. The defects and deficiencies in and to the Residences will need to be corrected, repaired, remediated and/or replaced. Such negligence, gross negligence, carelessness, recklessness, willfulness and wantonness includes, but is not limited to, the following particulars, to wit:

a. In failing to use due care in construction and/or repair of the subject residence;
b. In failing to adequately supervise the construction, repair, and building of the subject residence;
c. In failing to hire competent subcontractors or specialty contractors or employees;
d. In failing to adequately and competently supervise and/or train said subcontractors or specialty contractors or employees;
e. In building, constructing and repairing the subject residence in violation of applicable building codes, standard building practices, and accepted construction industry standards and practices;
f. In improperly installing the roofs; and
g. Other deficiencies or failures will be proven at trial.

29. That as a direct and proximate result of the negligence, gross negligence, carelessness, willfulness and wantonness of the Defendant, Beazer**,** the Plaintiffs have suffered actual, direct, incidental, consequential, and special damages including, but not limited to, the expenses associated with having to hire experts to investigate the causes of the defects of the building and construction set forth above and they have or will have to spend substantial sums of money in order to renovate, correct, repair, remediate and restore their Residences to make them safe and habitable. Additionally, Plaintiffs have been injured and otherwise damaged in that

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP080019

moisture has intruded and continues to intrude into the subject Residences causing rot, deterioration, and other damages to the finish, structural elements and building components of the Plaintiffs' homes. Each year since completion, new areas of damage occurred separate and apart from any damage already in the process of occurring. These construction defects set forth above have caused damage to the sheathing and other building components. All of which has or will require the Plaintiffs to expend great amounts of money to correct and repair as well as to suffer the loss, use and enjoyment of their property, as well as loss of value in depreciation by virtue of the defects and damages aforesaid.

30. That as a direct and proximate result of the negligence, gross negligence, recklessness, carelessness, willfulness, and wantonness of the Defendant as set forth above, the Class's residences shingle roofs will have to be completely reconstructed and the Class will suffer consequential damages as a result thereof.

31. As a direct, foreseeable and proximate cause of the negligence of the Defendant, the Plaintiffs have suffered damages in an amount actual and punitive to be determined by the Court, exceeding One Hundred Dollars ($100.00) per class member, for the cost of this action and for such other and further relief as the Court may deem just and proper.

32. Each year since completion, new areas of damage occurred separate and apart from any damage already in the process of occurring. All of which have and will require the Plaintiffs to expend great amounts of money to correct and repair their Residences as well as to suffer the loss, use and enjoyment of their property as well as loss of valuation and depreciation by virtue of the defects and damages aforesaid.

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP080119

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Warranty of Workmanlike Services, Breach of Warranty for Fitness for a Particular Purpose, Breach of Warranty of Merchantability and Serviceability, and Breach of Warranty Against Latent Defects)**
**(AS TO BEAZER)**

33. Plaintiffs re-allege the allegations of the foregoing paragraphs as if fully restated herein.

34. That in undertaking to perform the exterior construction work on the Plaintiffs' residences, Defendant Beazer**,** impliedly warranted that as a matter of law that all work performed would be of good quality, free from faults and defects, of good and workmanlike quality, and in conformity with the contract documents.

35. The Defendant breached the implied Warranty of Good and Workmanlike Service, Warranty of Workmanlike Services, Warranty for Fitness for a Particular Purpose, Warranty of Merchantability and Serviceability, Warranty Against Latent Defects and the work which was performed by the Defendant was not of good quality or workmanlike, therefore proximately resulting in the damages herein complained of

36. As a direct and proximate result of the breach of Implied Warranty of Good Warranty of Good and Workmanlike Service, Implied Warranty for Fitness for a Particular Purpose, Implied Warranty of Merchantability and Serviceability, Implied Warranty Against Latent Defects and Workmanlike Services, the Plaintiffs have suffered damages.

37. As a direct, foreseeable and proximate cause of the breach of implied warranties of the Defendant, the Plaintiffs have suffered damages in an amount actual and punitive to be determined by the Court, exceeding One Hundred Dollars ($100.00) per class member, for the cost of this action and for such other and further relief as the Court may deem just and proper.

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP080019

38. Each year since completion, new areas of damage occurred separate and apart from any damage already in the process of occurring. All of which have and will require the Plaintiffs to expend great amounts of money to correct and repair their residence as well as to suffer the loss, use and enjoyment of their property as well as loss of valuation and depreciation by virtue of the defects and damages aforesaid.

**FOR A THIRD CAUSE OF ACTION**
**(Unfair Trade Practices)**
**(AS TO BEAZER)**

39. Plaintiffs re-allege the allegations of the foregoing paragraphs as if fully restated herein.

40. The Defendant, Beazer **,** are "persons" within the meaning of South Carolina Code §39-5-10(a) and by their actions in, building, constructing, and repairing the residence are engaged in commerce within the meaning of South Carolina Code §39-5-10(b).

41. The Defendant, Beazer**,** by their action(s) described herein above constitute unfair and deceptive practice within the meaning of South Carolina Code §39-5-20(a) and such action(s) are capable of repetition and upon information and belief have been repeated.

42. That the conduct of the Defendant affects the public interest of the people in South Carolina and the Defendant knew or should have known that their conduct violated the South Carolina Unfair Trade Practices Act.

43. As a direct, foreseeable and proximate cause of the Defendant's unfair and deceptive practices, the Plaintiffs have suffered damages in an amount actual and punitive to be determined by the Court, exceeding One Hundred Dollars ($100.00) per class member, for the cost of this action and for such other and further relief as the Court may deem just and proper

ELECTRONICALLY FILED - 2025 Jan 14 10:45 AM - BERKELEY - COMMON PLEAS - CASE#2025CP080019

44. Each year since completion, new areas of damage occurred separate and apart from any damage already in the process of occurring. All of which have and will require the Plaintiffs to expend great amounts of money to correct and repair their residence as well as to suffer the loss, use and enjoyment of their property

**RELIEF REQUESTED**

WHEREFORE, the Plaintiffs pray for a judgment against the Defendant, Beazer**,** in a reasonable amount of actual, punitive, and treble damages to be determined by a jury; for attorneys' fees and the costs of this action; for pre-judgment or post-judgment interest on the Plaintiffs' damages; and for such other and further relief as this Court may deem just and proper.

BLUNDY LAW FIRM, LLC

s:/ Amanda M. Blundy
Amanda M. Blundy (SC Bar No. 73069)
English H. Maull (SC Bar No. 104321)
234 Seven Farms Drive, Suite 111-A
Charleston, SC 29492
843.867.6050
ablundy@blundylawfirm.com
emaull@blundylawfirm.com

Charleston, South Carolina
January 14, 2025

Attorneys for Plaintiffs

# Certificate of Electronic Notification

## Recipients

**Amanda Blundy** - Notification transmitted on 01-16-2025 09:14:15 AM.

**English Maull** - Notification transmitted on 01-16-2025 09:14:15 AM.

ELECTRONICALLY FILED - 2025 Jan 16 9:26 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0800119

ELECTRONICALLY FILED - 2025 Jan 16 9:26 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0800119

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2025CP0800119

| | |
|---|---|
| **Official File Stamp:** | 01-16-2025 09:14:02 AM |
| **Court:** | CIRCUIT COURT<br>Common Pleas<br>Berkeley |
| **Case Caption:** | Micah J Fogle , plaintiff, et al VS Beazer Homes, Llc , defendant, et al |
| **Document(s) Submitted:** | Service/Affidavit Of Service |
| **Filed by or on behalf of:** | Amanda Morgan Blundy |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Amanda Morgan Blundy for Micah J Fogle et al

English Hanahan Maull for Micah J Fogle et al

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Beazer Homes Corp.

Beazer Homes, Llc

ELECTRONICALLY FILED - 2025 Jan 16 9:14 AM - BERKELEY - COMMON PLEAS - CASE#2025CP0800119

# AFFIDAVIT OF SERVICE

**State of South Carolina** **County of Berkeley** **Common Pleas Court**

Case Number: 2025-CP-08-0119

Plaintiff:
**Micah J. Fogle**

vs.

Defendant:
**Beazer Homes, LLC, et al.**

For:
English Maull
Blundy Law Firm
234 Seven Farms Dr, Suite 111-A
Charleston, SC 29492

Received by VPS Solutions, LLC to be served on **Corporate Services Company, as Registered Agent Beazer Homes, LLC, 508 Meeting St, West Columbia, SC 29169**.

I, Tiffany Porterfield, being duly sworn, depose and say that on the **14th day of January, 2025** at **4:22 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Attorney letter, Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Lynda Chapman** as **Registered Agent** at the address of: **508 Meeting St, West Columbia, SC 29169** on behalf of **Beazer Homes, LLC**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am in good standing, in the judicial circuit in which the process was served.

**Tiffany Porterfield**
Process Server

**VPS Solutions, LLC**
**1318 N Main St #1445**
**Summerville, SC 29483**
**(843) 817-3886**

Our Job Serial Number: VPL-2025000077

Subscribed and Sworn to before me on the 15th day of January, 2025 by the affiant who is personally known to me.

NOTARY PUBLIC

J ASHLEY GARRETT
My Commission Expires
NOTARY PUBLIC
September 27, 2031
STATE OF SOUTH CAROLINA

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V